

FILED
SUPERIOR COURT
OF GUAM

2020 SEP 24  AM 8:47

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CHRISTINA PANG, | **Superior Court Case No. <u>SP0137-20</u>** |
| Petitioner, | |
| vs. | **DECISION AND ORDER** |
| DEPARTMENT OF PUBLIC HEALTH AND SOCIAL SERVICES | |
| GOVERNMENT OF GUAM, | |
| Respondents. | |

Upon the conclusion of the evidentiary hearing on September 23, 2020, the Court issued a ruling from the bench in favor of Petitioner Christina Pang. The Court found that Respondent Department of Public Health and Social Services failed to comply with Guam law in quarantining Pang. This Decision and Order memorializes the Court's ruling.

### I.   <u>PROCEDURAL BACKGROUND</u>

On September 21, 2020, Pang petitioned for a writ of habeas corpus, pursuant to 48 USCA § 1421b(e), 8 G.C.A. § 135.10, and 10 G.C.A. § 19605(c)(1). On September 23, 2020, the Court heard testimony from Pang. It also incorporated testimony given from September 17-19 in related cases, SP0129-20; SP0130-20; SP0131-20; and SP0132-20.

### II.   <u>FINDINGS OF FACT</u>

The Court makes the following findings of fact by a preponderance of the evidence:

1. Pang entered quarantine on September 12, 2020, following a flight into Guam from Manila, Philippines. V. Pet. ¶ 11.

2. Upon arrival in Guam, Respondents provided a Voluntary Quarantine Form to Pang without explaining whether she could refuse to sign and if so, what the procedures would be in the alternative. V. Pet. ¶ 18.

3. Pang wrote her home address on the forms but DPHSS officials crossed off her home address and told her she had to quarantine in a government facility.

4. Respondents then transported Pang to the Dusit (previously the Outrigger Hotel), a government quarantine facility, for a 14-day quarantine.

5. As of the hearing date, Pang had been held in excess of ten days.

III. **LAW AND DISCUSSION**

Pang argues that Respondents failed to undertake quarantine in strict compliance with 10 G.C.A. 19605(a) or (b) and, for that reason, the continued quarantine of Pang in a government facility is extralegal and therefore void. As Pang entered Guam on September 12, the Court analyzes the legality of her quarantine pursuant to Executive Order ("EO") 2020-29.[1]

Under EO 2020-29, issued on August 27, 2020, the Governor mandated the quarantine of all incoming travelers:

> Pursuant to Section 3333, Article 3, Chapter 3, Title 10, Guam Code Annotated, all persons entering Guam shall be subject to quarantine pursuant to this Section and Section 19604 and 19605 of Article 6, Chapter 19, Title 10, Guam Code Annotated. Such quarantine will be administered in accordance with applicable DPHSS Guidance, which shall include quarantine in a government qualified facility.

---

[1] EO 2020-29 remained in full force and effect until EO 2020-33, issued on September 20, 2020, which rescinded the 14-day mandatory quarantine of incoming travelers into Guam.

In *Igros v. DPHSS,* SP0127-20, this Court construed EO 2020-29 as mandating that DPHSS follow section 19605 when quarantining individuals entering Guam. Accordingly, the Court turns to whether DPHSS quarantined Pang in accordance with section 19605.

As explained in *Igros,* section 19605 provides two ways in which DPHSS may quarantine individuals. Under section 19605(a)(1) DPHSS was required to quarantine Pang "through a written directive." Like in *Igros,* DPHSS failed to provide Pang a written directive before quarantine.

Next, section 19605(a)(4) requires DPHSS to petition the court within 10 days after issuing the written directive to continue the quarantine. In *Igros,* the petitioners were in their 10th day of quarantine. This Court found that DPHSS' Opposition brief qualified as a petition to seek a further quarantine. This Court then proceeded to decide whether DPHSS has shown that the quarantine is reasonably necessary to prevent or limit the transmission of a contagious or possibly contagious disease to others. 10 GCA § 19605(b)(5).

Similarly to the Igroses, Pang had reached her 10th day of quarantine but in fact was on her 11th day. Unlike in *Igros,* however, no petition has been filed for the continued quarantine of Pang within 10 days, which section 19605(b) requires. Accordingly, not only was no written directive issued, DPHSS completely disregarded the petition requirement.

At the evidentiary hearing and in its briefs, DPHSS has cited this Court and others about the need to defer to public health authorities in times of pandemics. The Court heard extensive evidence regarding the statistics that explain why DPHSS takes the measures it takes. Had this proceeding proceeded faithfully under the governing statutes, then the Court would be required to examine if Pang's continued quarantine is reasonably necessary. However, since DPHSS has

not complied with Guam law with respect to Pang's due process rights, the Court is left with no statutory means under Article 6 to continue her quarantine at a government facility.

Finally, the Court determines that based on the facts presented, Pang did not agree to voluntarily quarantine but rather was coerced into signing voluntary quarantine documents without being advised of her options or rights to object to quarantine.

Accordingly, the Court ORDERS DPHSS to immediately release Pang from her quarantine at a government facility. Pang has agreed to continue her quarantine at home, which the Court finds to be the least restrictive means and the appropriate remedy given the violation of section 19605.

## IV.    CONCLUSION AND ORDER

DPHSS is ORDERED to release Pang from government quarantine as it failed to comply with section 19605 and has held her in excess of statutory limitations.[2] She also did not consent to voluntary quarantine.

At a later time, the Court will issue an order for briefing concerning Pang's request for attorney's fees.

SO ORDERED this 24th day of September 2020 nunc pro tunc to 23 September 2020.

**HON. ELYZE M. IRIARTE**
Judge, Superior Court of Guam

Appearing Attorneys:
Thomas J. Fisher, Esq., for Petitioner Christina Pang
Deputy Attorney General James L. Canto II, Office of the Attorney General, for Respondent
      Department of Public Health and Social Services

---

[2] The Court declines to address other grounds for relief, including constitutional due process bases for relief.

not complied with Guam law with respect to Pang's due process rights, the Court is left with no statutory means under Article 6 to continue her quarantine at a government facility.

Finally, the Court determines that based on the facts presented, Pang did not agree to voluntarily quarantine but rather was coerced into signing voluntary quarantine documents without being advised of her options or rights to object to quarantine.

Accordingly, the Court ORDERS DPHSS to immediately release Pang from her quarantine at a government facility. Pang has agreed to continue her quarantine at home, which the Court finds to be the least restrictive means and the appropriate remedy given the violation of section 19605.

## IV.    CONCLUSION AND ORDER

DPHSS is ORDERED to release Pang from government quarantine as it failed to comply with section 19605 and has held her in excess of statutory limitations.[2] She also did not consent to voluntary quarantine.

At a later time, the Court will issue an order for briefing concerning Pang's request for attorney's fees.

SO ORDERED this 24th day of September 2020 nunc pro tunc to 23 September 2020.

_____
HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam


Appearing Attorneys:
Thomas J. Fisher, Esq., for Petitioner Christina Pang
Deputy Attorney General James L. Canto II, Office of the Attorney General, for Respondent
       Department of Public Health and Social Services

---

[2] The Court declines to address other grounds for relief, including constitutional due process bases for relief.